UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH WM. HENRY, JR.

Petitioner,

v.

R.L. STIFF, Warden,

Respondent.

Civil No. 01-957 (PAM/SRN)

**ORDER**

Petitioner, a federal prisoner, has filed an application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) However, contrary to the clear requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States District Courts[1] and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District. As a result, his petition does not (i) provide necessary background information regarding his criminal conviction(s) and sentence(s), (ii) clearly identify each specific claim for relief that he is attempting to advance, (iii) provide an adequate statement of the factual and legal grounds on which each claim is based, or (iv) demonstrate that he has exhausted all of his available administrative remedies for each of his claims.

Because Plaintiff has failed to comply with the applicable federal and local rules, his petition will be returned to him pursuant to Rule 2(e).[2] Petitioner will be allowed

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

[2] Rule 2(e) provides that "[i]f a petition received by the clerk of a district court does not substantially comply with the requirements of rule 2 or rule 3, it may be returned to the petitioner, if a judge of the court so directs, together with a statement of the reason for its

FILED JUN 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

to file an Amended Petition, but if he does so, he will have to (i) use the prescribed form, (ii) fill out the form accurately and completely, (iii) set forth the factual and legal bases for each separate ground for relief that he is advancing, (as required at section 9 of the form), and (iv) show that he has exhausted his administrative remedies. If Petitioner files an Amended Petition that fails to clearly demonstrate that he has exhausted all available administrative remedies, it will be recommended that the Amended Petition be summarily dismissed.

Petitioner may submit a memorandum in support of his Amended Petition, (if he chooses to file one), but any such memorandum should refer to, and discuss, only those claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a memorandum, and not listed in the Amended Petition itself, will not be considered.[3]

If Petitioner does not file an Amended Petition by June 29, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b).

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the instant petition to

---

return."

[3] If Petitioner has exhausted his administrative remedies and elects to file an Amended Petition, it would be wise to submit a supporting memorandum explaining why his habeas claims should not be summarily rejected pursuant to the Supreme Court's decision in Lopez v. Davis, 121 S.Ct. 714 (2001).

Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

(2) The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

(3) Petitioner shall have until June 29, 2001, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form and this Order.

(4) If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed.R.Civ.P. 41(b).

Dated: June 4, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON,
United States Magistrate Judge