UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOSEPH WM. HENRY, JR.,

Petitioner,

v.

ROB MUNDT, Warden,

Respondent.

Civil No. 01-957 (PAM/SRN)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Amended Petition for habeas corpus relief under 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

---

[1] Petitioner's original petition was returned to him by order dated June 4, 2001, (Docket No. 3), because it was not submitted on the prescribed form. See Local Rule 9.3. Petitioner was granted leave to file an Amended Petition, and he did so on June 21, 2001. (Docket No. 4.)

[2] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUL 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Waseca, Minnesota. He is serving a 25-year prison sentence imposed by the U.S. District Court for the Eastern District of Wisconsin, following his 1992 convictions for (i) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and (ii) unlawful possession of a weapon by a convicted felon. (Amended Petition, [Docket No. 4], p. 2, ¶s 1-4; see also United States v. Henry, 2 F.3d 792 (7th Cir. 1993).)

Petitioner is not presently challenging the validity of his convictions or the sentence imposed by the trial court. Instead, he claims that the federal Bureau of Prisons, ("BOP"), is wrongly extending his imprisonment, by illegally blocking his bid for a sentence reduction under 18 U.S.C. § U.S.C. § 3621(e)(2)(B).

Section 3621 (e)(2)(B) provides that

> "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

The BOP has adopted a regulation that bars any prisoner from obtaining a sentence reduction under § 3621(e)(2)(B), if he is serving a sentence for a felony offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.58(a)(1)(vi)(B). The BOP applied this regulation to Petitioner, and declared him to be ineligible for a reduced sentence under § 3621(e)(2)(B) due to his conviction for being a felon in possession of a firearm.

As far as the Court can tell, Petitioner is now claiming that the BOP cannot categorically exclude him from earning a reduced sentence under § 3621(e)(2)(B), just

because he was convicted of being a felon in possession of a firearm.[3] For the reasons discussed below, the Court finds that Petitioner's claim is clearly without merit.

## II. DISCUSSION

In Lopez v. Davis, 121 S.Ct. 714 (2001), the United States Supreme Court held that prisoners can be categorically excluded from the sentence-reduction program established under § 3621(e)(2)(B), even if they have not been convicted of any violent offense. While recognizing that the statute itself excludes only prisoners who have been

---

[3] This description of Petitioner's claim is prefaced by the phrase "as far as the Court can tell," because Petitioner's own description of his claim is largely unintelligible. In his memorandum in support of his Amended Petition, Petitioner states his claim as follows:

> "Petitioner argues any BOP Regulation or Policy Statement (P.S.) that categorically denies opportunity for early release to prisoners convicted of felony crimes that are nonviolent but involved knowing possession an element in a statute under Title 28 CFR § 550.58(a)(1)(vi)(B) (2001), while a premissible [sic] exercise of it's [sic] broad agency discretion to interpret Statute where the term possession used in every case to make determinations against petitioner's liberty interest is limited to the two-prong congressional showing Actual and constructive without giving specific due consideration to the THIRD prong the element of CIRCUMSTANTIAL Possession in it's [sic] agency finding at a proper Administrative Agency Hearing under the doctrine of Primary Jurisdiction on preconviction conduct is arbitrary and capricious an abuse of discretion and a Procedural Violation of the Due Process Clause under the Administrative Procedures Act for agency action or inaction there under on both of his possession-specific offenses whether in a criminal or civil proceeding which petitioner asserts in prior submissions as well has always been in dispute appears ripe for Habeas Corpus Review."

("Memorandum in Support of 'Amended Petition for injunctive relief for persons in Federal Custody Title 28 U.S.C. § 2241," [Docket No. 5], p. 2; see also Amended Petition, p. 3, ¶ 9, Ground 1.)

convicted of violent offenses, the Court upheld the BOP's discretionary authority to categorically exclude other prisoners from earning a sentence reduction. Id. at 721-24.

Moreover, the Supreme Court specifically approved the adoption and implementation of 28 C.F.R. § 550.58(a)(1)(vi)(B), which disqualifies a prisoner from obtaining a sentence reduction if he has been convicted of a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon." In other words, the Supreme Court has expressly upheld the exact regulation that Petitioner is challenging here. 121 S.Ct. at 724 ("we further hold that the regulation excluding Lopez [i.e., 28 C.F.R. § 550.58(a)(1)(vi)(B)] is permissible").

Petitioner also seems to be arguing that the BOP erred in finding his current offense to be a felony that involved the possession of a firearm or other dangerous weapon. That argument is frivolous. Petitioner was convicted of violating 18 U.S.C. § 922(g), because a federal jury found that he was a felon who "possess[ed]" a firearm. Petitioner's conviction for possession of a firearm was upheld by the Seventh Circuit Court of Appeals. Given that conviction, it was entirely appropriate for the BOP to determine that Petitioner fell within the exclusion defined at 28 C.F.R. § 550.58(a)(1)(vi)(B).[4]

In sum, Petitioner has not shown any valid reason for granting him a writ of habeas corpus. Lopez clearly confirms the BOP's authority to categorically exclude Petitioner from earning a sentence reduction under § 3621(e)(2)(B) based on his conviction

---

[4] If Petitioner is claiming that his conviction itself is invalid, because he did not actually violate the felon-in-possession statute, (§ 922(g)), he will have to pursue that claim elsewhere – presumably in a motion for post-conviction relief brought under 28 U.S.C. § 2255. He cannot challenge the validity of his underlying criminal conviction in a § 2241 habeas corpus proceeding such as this one. 28 U.S.C. § 2255 [¶5]; DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

for being a felon in possession of a firearm. It will therefore be recommended that the Amended Petition be summarily dismissed pursuant to Rule 4 of the Governing Rules.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's Amended Petition seeking habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 4), be SUMMARILY DISMISSED WITH PREJUDICE.

Dated: July 13, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.